UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BILLY R. BATES,

        Plaintiff,

        v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

Civil No. 07-246-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

    Plaintiff Billy Bates seeks judicial review of a final decision denying his application for disability insurance benefits and supplemental social security income. This is the second district court appeal in this matter. Plaintiff's application was originally denied in 2004, and remanded in 2005 by Judge Malcolm F. Marsh for further proceedings. The application was again denied in 2006, leading to this appeal. Defendant admits that the Administrative Law Judge's (ALJ) decision was not supported by substantial evidence and that the ALJ committed numerous significant legal errors, including improperly rejecting key medical opinions, improperly finding

1   - OPINION AND ORDER

that plaintiff was not credible, improperly relying on Vocational Expert (VE) testimony, and failing to include all relevant documents in the record. Defendant has moved for a remand for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff agrees that the ALJ erred, but seeks a remand for payment of benefits.

Sentence four provides that the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" and is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (quoting 42 U.S.C. § 405(g) and citing *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996)). Whether to remand under sentence four for an award of benefits, or for further proceedings, is a matter of judicial discretion. *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000). The decision turns upon the likely utility of further proceedings. *Id.* at 1179. Such a remand is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).

Defendant argues that the ALJ's decision should be reversed and remanded, with instructions to, among other things, reconsider the rejections of evidence from treating and state agency physicians that supported plaintiff's claim. Plaintiff argues that, if credited, the improperly disregarded evidence supports a finding of disability. The record shows that plaintiff, who is fifty-four years old, and formerly worked as a bricklayer, suffers from degenerative injuries to his right wrist and ankle. He has a number of fused wrist bones as a result of surgery and pain ranging from a dull ache to severe and debilitating. Tr. of Admin. R.

(hereinafter Tr.) 212, 222-24.  The bone fusion surgery on his wrist only resulted in "partial improvement."  Tr. 342.  Plaintiff's ankle was fractured at work in 1999, and after healing, he continued to have pain and was diagnosed as having "degenerative changes with subsequent pain."  Tr. 297.  Two arthroscopic surgeries were done on his ankle in 2000, but he continues to suffer pain.  Tr. 135, 160, 167-70.  Plaintiff reported that walking causes him to experience aching and swelling in his ankle three to four times a week, and that to relieve the pain, he has to rest and elevate his leg.  Tr. 209-10.  His wife reported that his ankle and wrist pain keep plaintiff on the couch with an ice pack for at least one day a week, and three days a week during damp and cold weather.  Tr. 128.  The VE testified that someone who had limitations like those of plaintiff, that include missing work twice a week due to pain, or needed to spend two hours a day, twice a week, in a reclining position would be unemployable.  Tr. 444, 450.

Based on the foregoing, this court concludes that the record is fully developed and that further administrative proceedings would serve no useful purpose.  Plaintiff is unable to engage in any substantial gainful activity by reason of his impairments and was disabled as of his date last insured.  Accordingly, the decision of the Commissioner is reversed, and this case is remanded for the calculation and award of benefits to plaintiff Billy Bates.

IT IS SO ORDERED.

DATED this   5   day of March, 2008.

                                                        /s/ Ancer L. Haggerty
                                                          Ancer L. Haggerty
                                               United States District Judge